UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GIFFORD W. MELING, a married person,<br><br>                    Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | NO:  CV-10-3017-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. |

**INTRODUCTION**

Before the Court is the United States of America's Motion for Summary Judgment, ECF No. 14.  The Court has reviewed the Motion, ECF No. 14; the Memorandum in Support, ECF No. 16; the Statement of Material Facts, ECF No. 17; the Memorandum in Opposition, ECF No. 19; the Declaration of Gifford W. Meling, ECF No. 20; the Declaration of Joellen Gill, ECF No. 21; the Declaration of Rodney K. Nelson, ECF No. 22; the Statement of Facts, ECF No. 23; the Statement of Reply Facts, ECF No. 38; the Reply, ECF No. 39; the pleadings, and file in this case and is fully informed.

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**BACKGROUND**

This case arises from a slip and fall at a post office.  The Plaintiff, Gifford W. Meling, visited the post office in Selah, Washington on January 28, 2008, between 2:00 p.m. and 3:00 p.m.  A small amount of snow had fallen the previous evening.  It is unclear if any snow was on the ground between Mr. Meling's car and the entrance to the post office.

When Mr. Meling entered the post office, there were mats on the floor. There was a group of women standing on the matted path.  Mr. Meling stepped off of the mats to go around the women.  When he stepped off of the mats and onto the linoleum floor, Mr. Meling slipped and fell onto his back, striking his head.  After falling, Mr. Meling noticed that the floor was wet.

A log kept by the post office attests that on January 28, 2008, at 1:45 p.m., an employee "put down [an] additional mat" and "wiped down [the] floor." However, there is no recording as to which part of the floor was wiped at 1:45 p.m.

The flooring in the Selah Post Office is made of Vinyl Composite Tile (VCT).  Two experts, one for defense and one for Plaintiff, both filed declarations asserting that there is a measure of slip resistance known as the slip index.  Both experts agreed that a safe slip index value is 0.5 or greater.  Both experts further agreed that, generally, VCT will have a slip index greater than 0.5 when it is dry and below 0.5 when it is wet.  Each expert conducted a test on the floor at the

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

Selah Post Office.  The Plaintiff's expert, Joellen Gill, measured the wet slip resistance as 0.16.  The expert described this resistance as equivalent to the resistance of typical shoes on smooth ice.  The Defendant's expert declared that the slip index varied from 0.06 to 0.09 in the four different areas that were tested. Defendant's expert concluded that the tests indicated the flooring would be slippery when wet.

The parties dispute whether there was a sign in the lobby of the post office that informed the public that the floor was wet.

## APPLICABLE LAW

Under Rule 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the non-moving party bears the burden of proof at trial, the moving party

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    need only prove that there is an absence of evidence to support the non-moving

2    party's case." *Id.* (citing *Celotex*, 477 U.S. at 325). "Where the moving party

3    meets that burden, the burden then shifts to the non-moving party to designate

4    specific facts demonstrating the existence of genuine issues for trial." *Id.* (citing

5    *Celotex*, 477 U.S. at 324).

6          Under the Federal Tort Claims Act ("FTCA"), an individual may sue the

7    United States of America for injuries caused by the negligence of a government

8    employee that occurred while the employee was acting within the scope of his or

9    her employment.  28 U.S.C. §§ 2674, 1346(b)(1).  Such liability is limited to

10   situations where a private person would be similarly liable under the law of the

11   place where the act or omission occurred.  Id. § 1346(b)(1).

12         Under Washington law, a negligence claim requires a showing of "the

13   existence of a duty, breach of that duty, resulting injury and proximate cause."

14   *Charlton v. Toys "R" Us—Delaware, Inc.*, 158 Wn. App. 906, 912 (2010).  With

15   regard to premises liability specifically, Washington has adopted the Restatement

16   (Second) of Torts sections 343 and 343A (1965).  Section 343 provides that:

17       A possessor of land is subject to liability for physical harm caused to
         his invitees by a condition on the land if, but only if, he
18
19           (a) knows or by the exercise of reasonable care would discover
             the condition, and should realize that it involves an
             unreasonable risk of harm to such invitees, and
20           (b) should expect that they will not discover or realize the
             danger, or will fail to protect themselves against it, and

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

(c) fails to exercise reasonable care to protect them against the danger.

## DISCUSSION

The Defendant has moved for summary judgment arguing that the Plaintiff cannot establish (1) that an unreasonably dangerous condition existed; and (2) that the Defendant knew or by the exercise of reasonable care should have known that such a condition existed.

**Existence of an Unreasonably Dangerous Condition**

For its argument that the Plaintiff cannot establish the existence of an unreasonably dangerous condition, the Defendant relies primarily on *Brant v. Market Basket Stores, Inc.,* 72 Wn.2d 446 (1967). In that case, Delores Brant slipped and fell in a supermarket within 8 to 12 feet of the entrance. *Id.* at 447. It had been snowing most of the morning and water had been tracked in by customers. *Id.* There was testimony that Ms. Brant's clothing was wet after she had fallen. *Id.* at 447-48. "There was no testimony as to the character of the floor." *Id.* at 448. The trial court dismissed the action at the conclusion of Ms. Brant's case concluding that there was no proof of negligence and no showing that the defendant should have known of any dangerous condition. *Id.* at 446-47.

The Washington State Supreme Court affirmed the dismissal. *Id.* at 452. The court declared that "[i]t is well established in the decisional law of this state that something more than a slip and a fall is required to establish either the

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

existence of a dangerous condition, or the knowledge that a dangerous condition exists." *Id.* at 448.  The court also concluded that the presence of water on the floor is insufficient to establish negligence.  *Id.*  The court noted that "there has, in almost every case, been some foreign substance other than water on the floor."  *Id.* at 449.

The Defendant seizes on that last phrase to argue that water alone is not enough to make a floor unreasonably dangerous.  The Defendant seeks additional support from two cases cited in *Brant*: *Shumaker v. Charada Inv. Co.*, 183 Wash. 521 (1935) and *Merrick v. Sears, Roebuck & Company*, 67 Wn.2d 426 (1965).

In *Shumaker*, a woman fell on a wet cement floor in a public market.  183 Wash. At 521.  The water on the floor came from water that had been sprinkled over produce.  *Id.* at 523.  The court noted that "[t]he floors of the market were ordinary cement floors, and it is not contended that there was any unusual hazard incurred by patrons walking over them; respondent arguing only that the floor was slippery because at the place she fell it was wet."  *Id.*  The court concluded that "[a] wet cement surface does not create a condition dangerous to pedestrians.  It is a most common condition, and one readily noticed by the most casual glance."  *Id.* at 530.

In *Merrick*, a woman slipped and fell in a restroom.  67 Wn.2d at 427.  The only testimony as to the condition of the floor established that there were "a few

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

drops" of "water on the floor." *Id.* at 427-28.  The trial court dismissed the case.

*Id.* at 430. In concluding that there was no evidence of negligence in the record, the

Washington State Supreme Court stated:

> no inference of negligence can be drawn either from the existence of a
> few drops of water on the rest room floor as described by one witness
> or that the floor felt wet to Mrs. Merrick's hand. Nor could an
> inference be drawn from her testimony alone that water was present in
> extraordinary quantities with the store's knowledge, under such
> circumstances as to charge the store with such knowledge . . . Any
> idea of a negligently maintained washroom floor derived from such
> evidence would be no more than a guess or hunch--a highly
> speculative conjecture--for no one testified . . . that the floor was in
> fact slippery.

*Id.* at 429-30.

The foregoing cases provide strong support for the Defendant's contention

that water alone is insufficient to create an unreasonably dangerous condition.

However, a more recent case makes clear that Washington has not yet foreclosed

the possibility that water alone could make a particular floor unreasonably

dangerous.  In *Charlton* , Pamela Charlton slipped and fell in the entryway to a

Toy's R Us store.  158 Wn. App. at 909.  It had snowed outside the store on both

the day of the fall and the night before.  *Id.*  Ms. Charlton entered the store, walked

across some mats at the front of the store, and fell when she stepped off the mats

and onto the floor.  *Id.*  She observed that there was water on the floor where she

had fallen.  *Id.*  The store moved for summary judgment asserting that Ms.

Charlton had not filed sufficient proof to establish that an unsafe condition existed

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

or sufficient proof to establish that the store had actual or constructive knowledge

of the condition.  *Id.*  The trial court granted the motion.  *Id.* at 910.

The Washington State Court of Appeals affirmed the trial court's decision.

The court rejected Ms. Charlton's assertion that "the trial court erroneously held

that a wet floor is never a dangerous condition."  *Id.* at 915.  After reviewing *Brant*

and *Merrick*, the court concluded that Ms. Charlton's case was dismissed not

because a wet floor can never be dangerous but rather the court dismissed the case

because Ms. Charlton "failed to present any evidence that the floor in the entryway

of the Toys R Us store presented an unreasonable risk of harm when wet."  *Id.*

The *Charlton* ruling is consistent with the rulings in *Merrick* and *Brant*.  The

*Merrick* court explicitly noted that in that case "no one testified . . . that the floor

was in fact slippery."  67 Wn.2d 429-30.  In rendering its decision, the *Brant* court

noted that "[t]here was no testimony that water would render such a floor, as then

and there existed, slippery or dangerous."  72 Wn.2d at 448.  While the *Shumaker*

opinion suggests that recovery could be barred if water is the only substance on the

floor, it is important to recognize that the *Shumaker* opinion places great emphasis

on the fact that Ms. Shumaker "should have observed" the wet floor.  *Shumaker*,

183 Wash. at 521.  In determining which rule is the present rule in Washington,

this Court relies on the more recent and more directly applicable opinions in *Brant,*

*Merrick,* and *Charlton*.

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

In the instant case, the Plaintiff has presented evidence beyond mere evidence that the floor was wet.  Specifically, the Plaintiff has presented evidence that the flooring at the post office is vinyl composite tile (VCT), that VCT flooring generally becomes slippery when wet, and that the flooring in the Selah Post Office became slippery when it was wet.  Such evidence is sufficient to support a jury determination that a wet floor at the Selah Post Office constitutes an unreasonably dangerous condition, and therefore presents an issue of material fact as to whether an unreasonably dangerous condition existed.

**Defendant's Actual or Constructive Knowledge of the Condition**

Even if a jury could find that an unreasonably dangerous condition existed at the post office, summary judgment would still be appropriate if there were insufficient evidence for a jury to find that the Defendant had actual or constructive notice of the condition.

In order for an invitee plaintiff to succeed on a claim for premises liability, the "plaintiff must establish that the defendant had, or should have had, knowledge of the dangerous condition in time to warn the plaintiff of the danger." *Charlton*, 158 Wn. App. at 915-16 (citing *Fredrickson v. Bertolino's Tacoma, Inc.*, 131 Wn. App. 183, 189 (2005).  "Constructive notice arises where the condition 'has existed for such a time as would have afforded [the proprietor] sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    to have removed the danger.'"  *Ingersoll v. DeBartolo, Inc.*, 123 Wn.2d 649, 652

2    (1994) (citing *Smith v. Minning's, Inc.*, 13 Wn.2d 573 (1942)).

3         With regard to water on a floor, "'the plaintiff must prove . . . that the owner

4    knew or should have known both that water would make the floor slippery and that

5    there was water on the floor at the time the plaintiff slipped.'"  *Id.* at 915 (quoting

6    *Kangley v. United States*, 788 F.2d 533, 534-35 (9th Cir. 1986)).  The fact that

7    there is "a rug inside the door alone is not enough to establish that an owner or

8    occupier knows the floor might be dangerous.  The same is true of the fact that it is

9    wet outside."  *Id.* at 915 (quoting *Kangley*, 788 F.2d at 534-35).  It is not enough to

10   prove that a defendant had notice of some dangerous condition somewhere, the

11   defendant must know of the condition that gives rise to the complained-of injury.

12   *See id.* at 918 ("[The plaintiff] is not exempt from the requirement of showing

13   notice, and her failure to establish that [the Defendant] had actual or constructive

14   notice *of the water in which she slipped* is an additional ground to affirm the trial

15   court's summary judgment dismissal." (emphasis added); *Ingersoll*, 123 Wn.2d at

16   652 ("[F]or a possessor of land to be liable to a business invitee for an unsafe

17   condition of the land, the possessor must have actual or constructive notice of the

18   unsafe condition.").

19        The Plaintiff asserts that the Defendant had actual notice of the water on the

20   floor because a log maintained by the post office contains an entry noted for 1:45

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

p.m. on January 28, 2008 stating "put down additional mat[,] wiped down floor." ECF No. 23 at 73. The Plaintiff argues that the Defendant had to be aware of the water because the Defendant took corrective action at 1:45 p.m. The Plaintiff also argues that the Defendant was aware that the floor became slippery when wet because the Plaintiff had placed a "caution wet floor" sign in the lobby in the past.

The Plaintiff's argument is fatally flawed. It may be conceivable that the log entry provides sufficient evidence from which a reasonable jury could find that the Defendant knew there was water on the floor of the lobby between 2:00 p.m. and 3:00 p.m.[1] However, even if it is a reasonable inference that the Defendant knew that there was water somewhere in the lobby, the log entry provides no evidence that Defendant knew of the water in which the Plaintiff actually slipped. The log merely states that someone "wiped down [the] floor" and "put down [an] additional mat." It does not state where the floor was wiped down, and the additional mat was placed in a different location than the site of the Plaintiff's fall. Accordingly, nothing in the record supports the conclusion that the Defendant had actual knowledge of "the water in which [the Plaintiff] slipped." *Charlton*, 158 Wn. App. at 918.

---

[1]The *Charlton* court concluded that the plaintiff had failed "to establish that Toys R Us had actual or constructive notice of the water in which [the plaintiff] slipped" despite the fact that evidence in the record supported the conclusion that "[Toys R Us] continually monitored the condition of the floor, mopping and drying the floor in the entryway as need. Approximately five minutes prior to the incident, a [Toys R Us] employee mopped and dried the floor in the area where the [p]laintiff fell." *Charlton*, 158 Wn. App. at 911, 918.

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    Nor does the record support a conclusion that the Defendant had

2    constructive notice of the water.  To show constructive notice, the Plaintiff needs

3    to show that the dangerous condition "'has existed for such a time as would have

4    afforded [the proprietor] sufficient opportunity, in the exercise of ordinary care, to

5    have made a proper inspection of the premises and to have removed the danger.'"

6    *Ingersoll*, 123 Wn.2d at 652 (citing *Minning's*, 13 Wn.2d 573).  Not only is there

7    no evidence of how long the water had been present, but Mr. Meling testified in a

8    deposition that there was no visible puddle.  ECF No. 23 at 29.  On this evidence, a

9    reasonable jury could not find that the Defendant had constructive knowledge of

10   the dangerous condition.

11                                  **CONCLUSION**

12   Summary judgment is appropriate where there are no material questions of

13   fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ.

14   Procedure 56(a).  "A dispute about a material fact is genuine 'if the evidence is

15   such that a reasonable jury could return a verdict for the nonmoving party.'"

16   *FreecycleSunnyvale*, 626 F.3d at 514 (quoting *Anderson*, 477 U.S. at 248).  In

17   order to prevail on a claim for premises liability, an invitee plaintiff must prove,

18   among other things, that the defendant had actual or constructive knowledge of the

19   dangerous condition that caused the injury.  *Charlton*, 158 Wn. App. at 912-13.

20   Viewing the evidence in a light most favorable to Plaintiff, the Plaintiff has not

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

presented sufficient evidence for a reasonable jury to find that the Defendant had

actual or constructive knowledge of the water in which the Plaintiff slipped.

Therefore, the Plaintiff has failed to meet his burden, and the Defendant is entitled

to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED:**

1. The Defendant's Motion for Summary Judgment, **ECF No. 14**, is

   **GRANTED**.

2. The Plaintiff's claims against the Defendant are **DISMISSED WITH**

   **PREJUDICE**.

3. **Judgment** shall be entered for the Defendant.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to

provide copies to counsel, and to **CLOSE** this file.

**DATED** this 22nd of July, 2011.


_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING  DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13